# EXHIBIT A

**SCHATZ, STEINBERG & KLAYMAN**
**By: Eric T. Burkhardt, Esquire**
**Atty. I.D. # 324314**
**1500 John F. Kennedy Boulevard**
**Two Penn Center, Suite 1300**
**Philadelphia, PA 19102**
**(215) 845-0250**

**Attorneys for Plaintiff**

Filed and Attested by the
Office of Judicial Records
01 AUG 2025 02:26 pm
S. GILLIAM

| | |
|---|---|
| **NICHOLE ISLAM**<br>5628 Whitby Avenue<br>Philadelphia, PA 19143,<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE HOME DEPOT**<br>2455 Paces Ferry Road<br>Atlanta, GA 30339,<br><br>**And**<br><br>**HOME DEPOT USA INC.**<br>2455 Paces Ferry Road<br>Atlanta, GA 30339,<br><br>**And**<br><br>**HOME DEPOT STORE #4114**<br>5342 W. Baltimore Pike<br>Primos, PA 19018<br><br>**And**<br><br>**JANE/JOHN DOE 1**<br><br>**Defendant,** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**AUGUST TERM, 2020**<br><br>**NO.** |

**PLAINTIFF'S CIVIL ACTION COMPLAINT**
**NELIGENCE – 2S – PREMISES LIABILITY**

| NOTICE | AVISO |
| --- | --- |
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint & Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case August proceed without you and a judgment August be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You August lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>PHILADELPHIA COUNTY BAR ASSOCIATION<br>Lawyer Referral & Information Service<br>One Reading Center, 1101 Market Streets, Philadelphia, Pennsylvania 19107<br>(215) 238-1701 | **Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s persona. Sea avisado que si used no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder u otros derechos importantes para usted.**<br>**LLEVE ESTSASS DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVAERIGUAR DONDE SE PAEDE CONSEGUIR ASISTENCIA LEGAL.**<br><br>ASOCIACION DE LICENCIADOS DE FILADELFIA<br>Servico De Referencia E Informacion Legal<br>One Reading Center, 1101 Market Streets, Filadelfia, Pennsylvania 19107<br>(215) 238-1701 |

**SCHATZ, STEINBERG & KLAYMAN**
**By: Eric T. Burkhardt, Esquire**
**Atty. I.D. # 324314**
**1500 John F. Kennedy Boulevard**
**Two Penn Center, Suite 1300**
**Philadelphia, PA 19102**
**(215) 845-0250**
**Attorneys for Plaintiff**

| | | |
|---|---|---|
| **NICHOLE ISLAM** | : | **COURT OF COMMON PLEAS** |
| **Plaintiff,** | : | **PHILADELPHIA COUNTY** |
| **v.** | : | **AUGUST TERM, 2020** |
| | : | |
| **THE HOME DEPOT, ET. AL.** | : | **NO.** |
| **Defendant,** | : | |

**CIVIL ACTION COMPLAINT**
**NEGLIGENCE – 2S – PREMISES LIABILITY**

1. Plaintiff, Nichole Islam, is an adult individual, residing at the above-captioned address.

2. Defendant, The Home Depot (hereafter "Home Depot"), is a corporation and/or other business entity which exists, operates and does business under the laws of the Commonwealth of Pennsylvania and has its registered agent for service and/or principal place of business at the above-captioned address.

3. Defendant, Home Depot USA Inc. (hereafter "Home Depot"), is a corporation and/or other business entity which exists, operates and does business under the laws of the Commonwealth of Pennsylvania and has its registered agent for service and/or principal place of business at the above-captioned address.

4. Defendant, Home Depot Store #4101 (hereafter "Home Depot"), is a fictitious name or entity that operates as a Home Depot Store located at 5342 W. Baltimore Pike, Primos, PA 19018.

5. Defendant, Jane/John Doe 1, is a currently unknown individual that is believed to

be a Pennsylvania resident and to have been a business invitee of Home Depot prior to Plaintiff, who may have left a piece of lumber in the area of the self-checkout, which created a hazardous condition likely to injure persons such as Plaintiff.

6. Despite reasonable investigative efforts, Plaintiff has been unable to determine the true identity of Jane/John Doe 1.

7. On or about May 18, 2024, Defendants, Home Depot, owned, possessed, inspected, maintained, repaired, and/or controlled and/or had the right to control the interior of the retail location located at 5342 W. Baltimore Pike, Primos, Pennsylvania 19018.

8. At all times material hereto, Defendants, Home Depot, regularly conduct business and operate retail stores within Philadelphia County, Pennsylvania.

9. On or about May 18, 2024, Plaintiff was a business invitee of Defendants Home Depot retail store located at 5342 W. Baltimore Pike, Primos, Pennsylvania, when she was struck in the head and neck by a large piece of lumber; which was negligently placed at or near the store's self-checkout area by Defendants', Home Depot, employee and/or Jane/John Doe 1, and which remained for a period of time that Home Depot, either knew or should have known of its presence and foreseeable danger; causing Plaintiff to sustain serious and permanent injuries more fully set forth herein.

10. At all times relevant hereto, Plaintiff relied upon the fact that Defendants would maintain the property in a safe manner and Defendants' failure to maintain the property as aforesaid increased the risk of harm to the Plaintiff.

11. At all times relevant hereto, Plaintiff relied upon the fact that Defendants would properly hire/train/supervise their employees in a way to prevent negligent acts.

12. At all times material hereto, Defendants acted by and through its agents (actual,

apparent or ostensible), servants, workmen, employees and/or officers, all of whom were then and there acting within the course and scope of their duties, agency, employment or authority for Defendants.

13. This accident was caused solely from the negligence and carelessness of Defendants and was in no manner whatsoever due to any act of negligence on the part of Plaintiff.

**COUNT I – NEGLIGENCE**
**NICHOLE ISLAM v. THE HOME DEPOT, HOME DEPOT USA INC., HOME DEPOT STORE #4114, AND JANE/JOHN DOE 1**

14. Plaintiff, Nichole Islam, hereby incorporates the preceding paragraphs as if same were set forth at length herein.

15. The aforesaid accident was caused by the negligence and carelessness of Defendants, acting as aforesaid, which negligence and carelessness, consisted of the following:

(a) failing to correct the defective condition as described above;
(b) failing to properly, completely and thoroughly inspect the property;
(c) failing to promptly and carefully post warning signs and/or post notices to warn individuals of the defective condition;
(d) allowing the said hazardous and dangerous condition to exist once created;
(e) failing to make timely and proper maintenance upon said premises;
(f) failing to hire individuals/employees/agents/authorized representatives competent to abide by safe practices;
(g) failing to train individuals/employees/agents/authorized representatives in safe operating procedures of Defendants' retail location;
(h) failing to supervise individuals/employees/agents/authorized representatives to confirm that said individuals/employees/agents/authorized representatives followed safety procedures/codes/policies;
(i) Defendants' individuals/employees/agents/authorized representatives failing to observe his/her surroundings; and
(j) Defendants' individuals/employees/agents/authorized representatives failing to operate a pallet jack properly;
(k) Defendants' individuals/employees/agents/authorized representatives failing to transport product throughout the retail location without reasonable care and/or observation of customers, such as Plaintiff.
(l) failure to place lumber back in its designated area;
(m) negligently placing lumber in locations that present a likely danger to others.

16. As the direct and proximate result of Defendants' negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about her body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints, nerves and nervous system, including, but not limited to: neck, back, head, right shoulder, right arm, right hand, and neurological issues, internal injuries, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

17. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and she will continue to suffer same for an indefinite period of time in the future

18. As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

19. As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

20. As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and she will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

21. As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

**SCHATZ, STEINBERG & KLAYMAN**

**By:** ______________________________

ERIC T. BURKHARDT, ESQUIRE
Attorney for Plaintiff

**VERIFICATION**

The Undersigned, having read the attached Complaint verifies that the within pleading is based on information furnished to counsel, and which information has been gathered by counsel in the course of investigating this claim. The language of the Complaint is that of counsel and not of signer. Signer verifies that she has read the within Complaint and that it is true and correct to the best of the signer's knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the Penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

Nichole Islam (Aug 1, 2025 10:29:22 EDT)
NICHOLE ISLAM

Date: Aug 1, 2025

# Binder1

Final Audit Report 2025-08-01

| | |
|---|---|
| Created: | 2025-07-31 |
| By: | Rick Burkhardt (rburkhardt@s2firm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAtattovXSX8wwHVyDvd8wDxRNnhVgAYc6 |

## "Binder1" History

Document created by Rick Burkhardt (rburkhardt@s2firm.com)
2025-07-31 - 8:31:46 PM GMT

Document emailed to nickiislam01@gmail.com for signature
2025-07-31 - 8:32:09 PM GMT

Email viewed by nickiislam01@gmail.com
2025-08-01 - 2:28:18 PM GMT

Signer nickiislam01@gmail.com entered name at signing as Nichole Islam
2025-08-01 - 2:29:20 PM GMT

Document e-signed by Nichole Islam (nickiislam01@gmail.com)
Signature Date: 2025-08-01 - 2:29:22 PM GMT - Time Source: server

Agreement completed.
2025-08-01 - 2:29:22 PM GMT